IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JESSICA MARIE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-2334-DDC-KGG |
| ) | |
| FAMILY DOLLAR, INC., *et al*., ) | |
| ) | |
| Defendants. ) | |

**ORDER TO SHOW CAUSE**

Plaintiff initiated this action by filing her Petition in the District Court of Leavenworth Co., Kansas, on April 8, 2021. (Doc. 1-1.) The Petition alleges Plaintiff was injured in a slip and fall on Defendants' premises. (*Id*.)

The matter was removed by Defendants to the United States District Court for the District of Kansas on July 29, 2021 pursuant to §§ 1332 and 1441 of Title 28 of the United States Code. (Doc. 1, at 2.) Under Section 1332, complete diversity between all plaintiffs and all defendants is required. 28 U.S.C. § 1332(a)(1).

Defendants assert that diversity of citizenship exists between Plaintiff and the various Defendants. (Doc. 1, at 1-2.) The removal documents do not,

however, allege sufficient facts for the Court to determine whether diversity of citizenship does, in fact, exist.

Defendants allege Plaintiff is a resident and citizen of Kansas. (*Id.*, at 1.) This is not in dispute. (*See* Doc. 1-1, at 1.) Defendants continue, however, that

> Defendant Family Dollar, Inc. is a North Carolina corporation with its principal place of business in Virginia. **Defendant Family Dollar Services, LLC is a North Carolina limited liability company with its principal place of business in Virginia.** Defendant Dollar Tree Stores, Inc. is a Virginia corporation with its principal place of business in Virginia. Thus, none of the Defendants are citizens of the State of Kansas for purposes of diversity jurisdiction.

(Doc. 1, at 1-2 (emphasis added).)

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. If the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). If the business is a limited liability company, however, its <u>citizenship is determined by the citizenship of each of its members</u>. **Siloam Springs Hotel, L.L.C. v. Century Sur. Co.**, 781 F.3d 1233, 1234 (10th Cir. 2015) (holding that "an LLC, as an unincorporated association, takes the citizenship of all its members" (citations omitted)).

Here, the removal documents identify Defendant Family Dollar Services, LLC as a limited liability company. The removal documents do not, however,

identify any of this Defendant's members or their citizenship states. The removal documents therefore fail to establish this Defendant's citizenship for diversity jurisdiction purposes.

The Court has "an independent obligation to ensure that [it does] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect not to press." ***Henderson ex rel. Henderson v. Shinseki***, 562 U.S. 428, 434, 131 S. Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) (citation omitted). Further, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

The current filings do not allow the Court to discharge these jurisdictional obligations. The Court therefore orders Defendants to show cause to the District Court why it should not dismiss this action for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants must show good cause in writing to the District Judge on or before **August 19, 2021**, as to why this action should not be dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Dated in Wichita, Kansas on this 5th day of August, 2021.

S/ KENNETH G. GALE
U.S. MAGISTRATE JUDGE